UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: 40 LAKEVIEW DRIVE, LLC, <br><br> Debtor. | Bankruptcy No.: 15-14692 (VFP) |
| GRACE WONG, <br>        Appellant, <br> v. <br> JAY L. LUBETKIN, *et al.*, <br>        Appellee. | Civil Action No.: 17-5643 (JLL) <br><br> **OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of *pro se* Appellant Grace Wong's Amended Notice of Appeal of the Bankruptcy Court's July 25, 2017 Order Holding Appellant in Civil Contempt ("Contempt Order") and August 9, 2017 Order Detailing the Scope of Assistance to be Provided by the U.S. Marshal to Enforce the Contempt Order ("Enforcement Order"). (ECF No. 2). The Court has considered the submissions made by Appellant and Appellee Jay L. Lubetkin, and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court affirms the Bankruptcy Court's Contempt and Enforcement Orders and denies Appellant's Bankruptcy Appeal.

# I. BACKGROUND[1]

This is the latest of several appeals filed by Appellant in this Court. *See, e.g., In re 40 Lakeview Drive, LLC*, D.N.J. No. 17-3959, ECF No. 1 (June 2, 2017). Appellant is the managing member of 40 Lakeview Drive LLC ("Debtor"), which is the entity that filed for bankruptcy in the underlying bankruptcy proceedings. (ECF No. 6, Ex. A ("Hr'g Tr.") at 3:2–4, 40:13–14). On June 7, 2017, the Bankruptcy Court held a hearing and granted Appellee's motion to require Appellant to turn over keys and access codes to the property at 16 Avenue A, Mahwah, New Jersey ("the Property"). (Hr'g Tr. at 30:18–21). On June 29, 2017, the Bankruptcy Court formally issued an order that Appellant deliver to Appellee "all keys, alarm codes and anything else reasonably necessary to gain access" to the Property within three days of receipt of said order ("Turnover Order"). *In re 40 Lakeview Drive, LLC*, Bankr. D.N.J. No. 15-14692 ("Bankruptcy Action"), ECF No. 212 at 2 (June 29, 2017). That same day, Appellee served Appellant with a copy of the Turnover Order. (Bankruptcy Action, ECF No. 213).

Appellant did not comply with the Turnover Order within the required three days. (Hr'g Tr. at 5:25). On July 3, 2017, Appellant forwarded Appellee an email she had received from Debtor's counsel, which advised Appellant that she was not obligated to abide by the Turnover Order. (Hr'g Tr. at 5:13–19). On July 6, 2017, Appellee moved to hold Appellant in contempt. (Bankruptcy Action, ECF No. 217). On July 19, 2017, the Bankruptcy Court heard oral argument on Appellee's motion to hold Appellant in contempt of court for failing to comply with the Turnover Order. (*See generally* Hr'g Tr.). Appellant argued at the hearing that she did not have the keys nor the alarm or access codes to the Property. (Hr'g Tr. at 29:20–22).

---

[1] This background is derived from the Bankruptcy Record submitted by Appellant. (ECF No. 3). However, because this record is incomplete, the Court will also rely on documents filed by the parties and in the bankruptcy action.

At the hearing, the Bankruptcy Court found that Appellant was in civil contempt of court by failing to comply with the Turnover Order. (Hr'g Tr. at 36:15–17). In so ruling, the Bankruptcy Court cited to *FTC v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010), for the proposition that civil contempt requires a movant to show that a valid court order existed, that defendant had knowledge of the order, and that defendant disobeyed the order. (Hr'g Tr. at 34:14–21). First, the Bankruptcy Court noted that the Turnover Order was a valid and existing court order that was entered nearly a month before the July 19, 2017 Hearing. (Hr'g Tr. at 36:17–19). Second, the Bankruptcy Court found that Appellant clearly had knowledge of the Turnover Order because she was present when the order was issued from the bench at the June 7, 2017 Hearing and Appellee later served her with a copy of the order. (Hr'g Tr. at 37:15–21). Finally, the Bankruptcy Court concluded that Appellant disobeyed the Turnover Order because the keys were under her control, even though they were physically in the possession of her friend and Debtor's counsel. (Hr'g Tr. at 38:14–24). The Bankruptcy Court noted that any inability to comply alleged by Appellant was "exclusively self-imposed." (Hr'g Tr. at 38:9–10).

As a result of these findings, the Bankruptcy Court issued the Contempt Order on July 25, 2017. (Bankruptcy Action, ECF No. 224). The Contempt Order stated that Appellant was in civil contempt for her failure to comply with the Turnover Order, that she would be fined $100.00 per day for each day after the issuance of the Contempt Order that she, or any party in possession of the keys and/or access or alarm codes, failed to comply with the Turnover Order, and that Appellant was responsible for Appellee's counsel fees in the amount of $2,500.00. (ECF No. 2 at 7–8). The Contempt Order further stated that, in the event that Appellant did not comply with the Turnover and Contempt Orders within five days, Appellee was authorized to change the locks and any alarm or access codes to the Property and could seek the assistance of the U.S. Marshal

Service, if necessary. (ECF No. 2 at 8). Appellee served Appellant with a copy of the Contempt Order on July 26, 2017. (Bankruptcy Action, ECF No. 225).

Appellant still did not deliver the keys and/or alarm or access codes to Appellee, and, on August 3, 2017, Appellee moved for an order detailing the scope of assistance to be provided by the U.S. Marshal Service to enforce the Contempt Order. (Bankruptcy Action, ECF No. 236). The Bankruptcy Court held a hearing on August 9, 2017, which Appellant did not attend. (ECF No. 8-1 at Aa010). That same day, the Bankruptcy Court issued the Enforcement Order, which stated that, in the event that the locksmith selected by Appellee is unable to provide access to the Property, the U.S. Marshal Service could assist Appellee in obtaining access to the Property by force, if reasonably necessary and if the U.S. Marshal Service took all reasonable efforts to limit any damage to the Property. (ECF No. 2 at 10). The Enforcement Order also stated that the U.S. Marshal Service may arrest any person who interferes with Appellee's efforts to gain access to the Property, but only after warning such person that any interference may result in his or her arrest. (*Id.* at 11). Finally, the Enforcement Order explained that any attempt by Debtor, or a person acting on its behalf, to change the locks and/or alarm or access codes after they were changed by Appellee will constitute further contempt of court. (*Id.*). Pursuant to the Enforcement Order, Appellee gained access to the Property by hiring a locksmith to change the locks. (ECF No. 9 at 2).

On August 17, 2017, the Bankruptcy Court issued a memorandum opinion memorializing and supplementing its decision for, among other things, the Enforcement Order. (ECF No. 8-1 at Aa009–23). In its memorandum opinion, the Bankruptcy Court explained that Appellant was already entitled to the assistance of the U.S. Marshal Service under the Contempt Order. (*Id.* at Aa023). The Bankruptcy Court also explained that the Enforcement Order merely clarified the

U.S. Marshal Service's role and enabled the U.S. Marshal Service to act, which included the use of force, if necessary. (*Id.*). The Bankruptcy Court found the Enforcement Order reasonable in light of Appellant's multiple failures to abide by the Turnover Order. (ECF No. 8-1 at Aa022).

Thereafter, Appellant filed this amended notice of appeal as to both the Contempt and Enforcement Orders on August 16, 2017. (ECF No. 2). Appellant filed her brief after being granted an extension and Appellee filed his response thereto. (ECF Nos. 8, 9). In her brief, Appellant primarily attacks the merits of the Turnover Order. For example, Appellant argues that she could not be ordered to turn over the keys and alarm or access codes to Appellee because she is merely the managing member of Debtor and does not have or control the keys and alarm or access codes. (ECF No. 8 at 9). According to Appellant, she could not be ordered to turn over the keys and alarm or access codes when the Bankruptcy Court had not determined who owned the Property. (*Id.* at 11). Similarly, Appellant argues that she could not be held in contempt for failing to turn over the keys and alarm or access codes to Appellee because she did not have control over the Property or the people that are in possession of the keys and alarm or access codes. (*Id.* at 10–11). Appellant does not advance any arguments pertaining to the Enforcement Order. (*See generally* ECF No. 8).

## II.  LEGAL STANDARD

This Court has jurisdiction to hear appeals from the Bankruptcy Court pursuant to 28 U.S.C. § 158. A district court reviews a bankruptcy court's "legal determinations *de novo*, its factual findings for clear error, and its exercises of discretion for abuse thereof." *In re Goody's Family Clothing Inc., et al.*, 610 F.3d 812, 816 (3d Cir. 2010) (citing *In re Tower Air, Inc.*, 397 F.3d 191, 195 (3d Cir. 2005)). A bankruptcy court's decision on a motion for contempt is reviewed under an abuse of discretion standard. *See Harris v. City of Phila.*, 47 F.3d 1311, 1321 (3d Cir.

1995) ("The imposition of contempt is reviewed under an abuse of discretion standard"); *see also In re AGR Premier Consulting, Inc.*, 550 F. App'x 115, 120 n.6 (3d Cir. 2014) (applying an abuse of discretion standard to the review of a bankruptcy court's civil contempt order). "An abuse of discretion occurs when the court bases its opinion on a clearly erroneous finding of fact, an erroneous legal conclusion, or an improper application of law to fact." *LaSalle Nat'l Bank v. First Conn. Holding Grp., LLC*, 287 F.3d 279, 288 (3d Cir. 2002) (citing *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 180 (3d Cir. 2002)).

### III. ANALYSIS

As a preliminary matter, while Appellant brought this appeal for both the Contempt and Enforcement Orders, she has failed to advance any arguments regarding the Enforcement Order. (*See generally* ECF No. 8). Accordingly, the Court deems the appeal of the Enforcement Order abandoned. *See Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993) ("When an issue is either not set forth in the statement of issues presented or not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal") (citations omitted); *see also Kool, Mann, Coffee & Co. v. Coffey*, 300 F.3d 340, 354 (3d Cir. 2002) (applying the standard articulated in *Nagle* to a case reviewing a bankruptcy court's order).

The Court finds that the Bankruptcy Court did not abuse its discretion in holding Appellant in contempt of court. A bankruptcy court may hold a party in civil contempt of court pursuant to 11 U.S.C. § 105(a). *In re Joubert*, 411 F.3d 452, 455 (3d Cir. 2005). To hold a party in civil contempt, a court must find that (i) a valid court order existed, (ii) that the party charged with contempt had knowledge of the court order, and (iii) that the party charged with contempt disobeyed the court order. *John T. ex rel. Paul T. v. Del. Cty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003) (citing *Harris*, 47 F.3d at 1326). These elements "must be proven by 'clear

and convincing' evidence, and ambiguities must be resolved in favor of the party charged with contempt." *Id.* (citing *Robin Woods, Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994); *Harris*, 47 F.3d at 1326).

Here, the Bankruptcy Court found that the Turnover Order was a valid court order issued nearly a month before Appellant was held in contempt of court, (Hr'g Tr. at 36:17–19). As discussed above, Appellant argues that she could not be ordered to turn over the keys and alarm or access codes because the Bankruptcy Court had not determined who owned the Property. (ECF No. 8 at 11). However, the Bankruptcy Court was not required to address this argument because "a party who is alleged to be in contempt of a court order may not challenge the substantive merits of that order within contempt proceedings." *Marshak v. Treadwell*, 595 F.3d 478, 486 (3d Cir. 2009) (citing *Roe v. Operation Rescue*, 919 F.2d 857, 871 (3d Cir. 1990); *Halderman v. Pennhurst State Sch. & Hosp.*, 673 F.2d 628, 637 (3d Cir. 1982)). Because the underlying merits of the Turnover Order are not relevant to the Turnover Order's validity or existence, the Bankruptcy Court did not abuse its discretion in finding that a valid court order existed.

Next, the Bankruptcy Court correctly found that Appellant had knowledge of the Turnover Order because she was present at the June 7, 2017 Hearing, when the Bankruptcy Court issued the Turnover Order. (Hr'g Tr. at 37:15–21). Additionally, Appellee served the Turnover Order on Appellant by email and first class mail on June 29, 2017. (Hr'g Tr. at 37:15–21). Hence, the Bankruptcy Court's conclusion that Appellant knew about the Turnover Order was consistent with other evidence in the record. For example, Debtor's counsel sent an email to Appellant discussing her obligation to comply with the Turnover Order, (Hr'g Tr. at 5:13–25, 11:6–8), which is further indication that Appellant was aware of the Turnover Order's existence. Therefore, the Bankruptcy Court properly found that Appellant had knowledge of the Turnover Order.

Finally, the Bankruptcy Court found that Appellant disobeyed the Turnover Order when she did not deliver the keys to Appellee within the proscribed time period. (Hr'g Tr. at 40:1–9). It is undisputed that Appellant never complied with the Turnover Order and that Appellee had to retain the services of a locksmith in order to gain access to the Property. (ECF No. 9 at 2). Appellant asserts that she could not be held in contempt because she did not have or control the keys and alarm or access codes in order to turn them over to Appellee. (ECF No. 8 at 11). According to Appellant, the keys and alarm or access codes are in the exclusive possession of her friend and Debtor's counsel. (*Id.* at 10–11). However, the Court agrees with the Bankruptcy Court that Appellant, as the managing member of Debtor, retained the ultimate control over the keys and alarm or access codes, (Hr'g Tr. at 28:22–24, 39:19–25). *See* N.J.S.A. § 42:2C-37(b) (stating that the management and conduct of a member-managed limited liability company is vested in its managing members). Appellant could have easily retrieved the keys and alarm or access codes from her friend or Debtor's counsel, which Appellant indicated by stating that it would be "[n]o problem" for her friend to turn over a copy of the keys. (Hr'g Tr. at 42:8–14). Therefore, the Bankruptcy Court's finding that Appellant disobeyed the Turnover Order was within its discretion. Accordingly, the Court affirms the Contempt and Enforcement Orders.

## IV. CONCLUSION

For the aforementioned reasons, the Court hereby affirms the Bankruptcy Court's Contempt and Enforcement Orders and denies Appellant's Bankruptcy Appeal. An appropriate Order follows this Opinion.

Dated: April 6th, 2018

JOSE L. LINARES
Chief Judge, United States District Court

8